NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0372-16T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

 v.

RAMON VILLALTA,

 Defendant-Appellant.

__________________________________________________________

 Submitted June 26, 2017 – Decided July 6, 2017

 Before Judges Fisher and Fasciale.

 On appeal from the Superior Court of New
 Jersey, Law Division, Bergen County,
 Indictment No. 01-05-1372.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Suzannah Brown, Designated
 Counsel, on the brief).

 Gurbir S. Grewal, Bergen County Prosecutor,
 attorney for respondent (Elizabeth R. Rebein,
 Assistant Prosecutor, of counsel and on the
 brief).

PER CURIAM

 On September 24, 2001, defendant pleaded guilty to third-

degree receiving stolen property. In executing a plea form,
defendant acknowledged he understood the charges and that a guilty

plea could bring about his deportation. On December 7, 2001, the

court sentenced defendant to a one-year probationary term, which

was terminated a year later when defendant pleaded guilty to a

probation violation. Defendant did not file a direct appeal.

 In April 2015, defendant was arrested and detained in federal

immigration custody. The following month, defendant moved to

vacate his conviction – an application viewed by the trial court

as a post-conviction relief (PCR) petition. Defendant claimed he

was denied the effective assistance of counsel because his lawyer:

misinformed him about the charges and the potential immigration

ramifications; coerced him to plead guilty; and refused to file a

direct appeal.1

 The PCR judge conducted an evidentiary hearing. Defendant's

former attorney testified that he recalled defendant but did not

specifically remember reviewing the plea form with him. The

attorney testified, however, that his usual practice was to review

a plea form in detail with his client, including, when applicable,

the immigration consequences of a guilty plea. Defendant testified

by telephone from his place of incarceration in Buffalo, New York,

and disputed much of his attorney's testimony.

1
 Defendant has not here renewed his argument about counsel's
failure to file a direct appeal.

 2 A-0372-16T3
 The PCR judge found defendant's application both time-barred

and without merit. In oral and written opinions, the judge reasoned

that defendant's failure to understand the PCR process was not a

ground for relaxing the bar, and that his attorney, consistent

with his usual conduct during many years of criminal practice,

reviewed the plea form in detail with defendant to ensure defendant

understood the consequences of his guilty plea.2

 Defendant appeals, arguing:

 I. THE PCR COURT ERRED IN HOLDING THAT
 [DEFENDANT'S] [PCR] PETITION . . . WAS TIME-
 BARRED.

 II. THE PCR COURT ERRED IN DENYING
 [DEFENDANT'S] CLAIM THAT HE RECEIVED
 INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE
 TRIAL COUNSEL FAILED TO ADVISE HIM HE COULD
 BE DEPORTED AS A RESULT OF HIS GUILTY PLEA.

Because we find insufficient merit in defendant's Point II, we

need not reach Point I.3

2
 According to the judge's findings, the attorney gave advice as
was his custom and practice at the time. As the attorney explained,
he routinely gave advice that if the defendant was "not legally
in this country [he would be] facing deportation," but also that
he was "not an immigration attorney" and if the defendant had "any
question[s] [he] should consult with an immigration attorney."
3
 According to Rule 3:22-12(a)(1), a PCR petition must be filed
within five years of the judgment of conviction absent "excusable
neglect" for the delay and "a reasonable probability that if the
defendant's factual assertions were found to be true enforcement
of the time bar would result in a fundamental injustice." We need
not determine whether defendant's sudden incarceration and

 3 A-0372-16T3
 In Point II, defendant essentially argues that the PCR judge

erred by finding his former counsel's testimony more credible than

his, and defendant maintains that his former counsel failed to

adequately inform him about the consequences of his guilty plea.

An appellate court, however, must give deference to a judge's

credibility findings and resolution of factual disputes so long

as the judge's findings are supported by the evidence. State v.

Pierre, 223 N.J. 560, 576, 579 (2015). Moreover, because

defendant's guilty plea was entered prior to Padilla v. Kentucky,

559 U.S. 356, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010), only

negligent legal advice could support the relief sought by defendant

in his PCR petition. State v. Gaitan, 209 N.J. 339, 361-62 (2012),

cert. denied, __ U.S. __, 133 S. Ct. 1454, 185 L. Ed. 2d 361

(2013); accord Chaidez v. United States, 568 U.S. __, __, 133 S.

Ct. 1103, 1107, 185 L. Ed. 2d 149, 155 (2013). In applying these

principles, we conclude that defendant failed to establish a prima

facie case of ineffective assistance of counsel under Strickland

v. Washington, 466 U.S. 668, 687, 694, 104 S. Ct. 2052, 2064,

2068, 80 L. Ed. 2d 674, 693, 698 (1984).

threatened deportation so many years after the conviction
constitutes a ground for finding "excusable neglect" for not moving
for post-conviction relief within the five-year timeframe, or
whether we would adhere to another panel's assessment, in State
v. Brewster, 429 N.J. Super. 387, 398-401 (App. Div. 2013), of the
time-bar in similar circumstances.

 4 A-0372-16T3
Affirmed.

 5 A-0372-16T3